United States District Court
Southern District of Texas
**ENTERED**
April 11, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALERIA MURRAY and EDUARDO MURRAY, | § § § § |
| Plaintiffs, | §  CIVIL ACTION NO. 24-1773 |
| v. | § § |
| ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY, | § § § § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

This dispute arises out of storm damage to a home. The plaintiffs, Valeria and Eduardo Murray, alleged in their state-court petition that their home was severely damaged after a hailstorm on April 5, 2023. (Docket Entry No. 13 at 5). The Murrays owned an Allstate insurance policy, No. 000844267736, with coverage beginning on July 1, 2022, and ending on July 1, 2023. (*Id.*). The Policy included wind and hailstorm coverage. (Docket Entry No. 1-3 at 4).

The Murrays reported the damage to Allstate on June 26, 2023, nearly twelve weeks after the storm that they claimed damaged the house. (Docket Entry No. 13 at 5). Allstate's adjuster, Emmelyn Jeffcoat, had Chad Collins of Patriot Claims Consultants, LLC, inspect the property on July 6, 2023. (*Id.*). Based on Collins's inspection report and photos, Jeffcoat informed the Murrays that there was minimal storm damage to the property and that Allstate would pay $1,327.37 to repair six exhaust vents and twelve linear feet of downspouts. (*Id.* at 5-6). Allstate otherwise denied the claim. (Docket Entry No. 1-3 at 4). The covered damage Allstate found was below the policy's $7,618.00 deductible. (*Id.*). The Murrays allege that Allstate improperly denied the claim, and that Allstate's estimate of damages failed to include damage to the roof, vents,

flashings, windows, window screens, fascia, gutters, downspouts, and the HVAC system. (*Id*. at 5).

On October 18, 2023, the Murrays' public adjuster, J. Aaron Denton, submitted photographs and his estimate of covered damages to Allstate. (Docket Entry No. 13 at 12). After the Murrays served Allstate with a statutory demand under Section 52A of the Texas Insurance Code, Allstate retained James Crawford of Crawford Engineering, LLC, to inspect the home. (*Id.* at 6). Crawford found hail damage to the roof vents, window screens, and guttering. (*Id*.). Allstate amended its estimate of covered damages on April 3, 2024, adding four ridge-cap shingles, an additional 12 linear feet of gutters, and a window screen, bringing the total amount of the covered damages to $1,621.06.13. (*Id*. at 6-7). On July 16, 2024, Brandon Allen of Allen Consulting Services inspected the Murrays' home and found that the cost to restore the property to its pre-loss condition was $64,665.80. (*Id*. at 7). Allen produced a report on August 4, 2024. (*Id*.).

The Murrays allege that Allstate's adjuster, Jeffcoat, performed a substandard and unreasonable inspection of the home, allowing Allstate to refuse to pay the proceeds due under the policy. (Docket Entry No. 1-3 at 6-7). The Murrays assert claims against Allstate for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and breach of the Texas Deceptive Trade Practices Act. (Docket Entry No. 1-3 at 9-13). Allstate moves for summary judgment on the Murrays' claims. (Docket Entry No. 12).

Allstate's summary judgment evidence consists of the report prepared by the Murrays' expert, Brandon Allen. (Docket Entry No. 12-1). The Murrays' summary judgment evidence consists of the unsworn declaration of Brandon Allen, the Allen Consulting Service Report, the unsworn declaration of J. Aaron Denton III, J. Aaron Denton III's photos and estimate, the unsworn declaration of Michael D. Jack, excerpts from Allstate's claim file, a Crawford

2

Engineering report, Allstate's August 11, 2023, and April 3, 2024, estimates, and a Patriot Claims Consultants, LLC Report dated July 6, 2023. (Docket Entry Nos. 13-1, 13-2).

Based on the motion and briefs, the record, and the applicable law, the court denies the motion for summary judgment in part and grants the motion for summary judgment in part. (Docket Entry No. 12). The reasons for this ruling are stated below.

## I.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material

3

fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted).

The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250–51).

II.   **Analysis**

   A. **The Breach of Contract Claim**

"An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy." *Tchakarov v. Allstate Indem. Co.*, No. 3:20-CV-2769-D, 2021 WL 4942193, at *5 (N.D. Tex. Oct. 22, 2021). Allstate moves for summary

4

judgment on the Murrays' breach of contract claim on the basis that there is insufficient evidence of a covered loss that occurred within the policy period. Allstate asserts that there is no evidence that the Murrays' home was damaged on April 5, 2023, as opposed to a date outside the coverage period. (Docket Entry No. 12 at 5). Allstate points to the fact that even though the Murrays' expert's report asserts that the home was damaged by a "severe hailstorm," the report does not explicitly state when that hailstorm occurred. (*Id*. at 5-6).

Allen's report states that "[o]n 4/5/2023, it was reported that storms consisting of hail affected the Katy, TX area, including the subject property," and that "[o]n 4/5/2023, it was reported severe storms on the date of loss inclusive of hail impacted the property." (Docket Entry No. 12-1 at 3). The report states that "[w]e researched historical weather reports" and found that the "[t]he [National Oceanic and Atmospheric Administration] report supports hail up to 1.5" in diameter on the date [reported to be the date] of loss," — April 5, 2023. (*Id.*). If the hail damage to the Murrays' roof occurred on April 5, 2023, then the damage is covered under the policy. Allen's report states that the hail damage to the Murrays' roof was consistent with the weather reports he analyzed showing hailstorms in the area of their home on April 5, 2023. (Docket Entry No. 12-1 at 3). That evidence supports an inference that the hail damage to the Murrays' home occurred on April 5, 2023, within the policy period. Because there is a factual dispute as to when the damage occurred, summary judgment for Allstate is inappropriate.

The record also reflects a factual dispute about the extent of hail damage to the Murrays' home. Allen reported finding $64,665.80 in hailstorm damage. (Docket Entry No. 12-1). Allstate's expert, John Crawford, found minimal hail damage, leading to Allstate's determination that the covered loss was $1,621.06. (Docket Entry No. 13-2 at 9-71, 84-87). This dispute is an additional basis to deny summary judgment on the breach of contract claim.

5

B. **The Bad-Faith Claim**

An insurer has a common-law duty of good faith and fair dealing under Texas law. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The Murrays alleged that Allstate breached its duty of good faith and fair dealing by proffering "a bad faith estimate as a true representation of the damages." (Docket Entry No. 12 at 6; Docket Entry No. 1-3 at 5). Allstate moves for summary judgment on this claim on the basis that the record shows no evidence of bad faith. (Docket Entry No. 12 at 6).

The elements of a bad faith claim are that: (1) "the insurer had no reasonable basis for the denial or delay in payment of a claim; and (2) the insurer knew or should have known of that fact." *Thompson v. State Farm Lloyds*, 2024 U.S. Dist. LEXIS 191492, at *9 (S.D. Tex. Oct. 22, 2024). A "bona fide coverage dispute is no evidence of an insurer's unreasonableness." *Id*. (citing *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997)). "Under Texas law, an insurer will not be faced with a tort suit predicated on bad faith … for challenging a claim of coverage if there was any reasonable basis for denial of that coverage." *Alvarez v. State Farm Lloyds*, 2020 U.S. Dist. Lexis 35921, at 8-9 (W.D. Tex. March 2, 2020).

Allstate based its denial of the Murrays' claims on Collins's inspection finding hail damage to only the gutters and exhaust vents. (*See* Docket Entry No. 13 at 5; Docket Entry No. 13-2 at 96-99). This provided a reasonable basis for Allstate's conclusion as to the covered loss amount. The record evidence shows only that the Murrays and Allstate disagreed on the amount of covered hailstorm damage to the home, which is insufficient to support a bad faith claim. *See Thompson*, 2024 U.S. Dist. LEXIS 191492, at *9. "The fact that qualified experts on each side of this case disagree about whether the damage to the [Property] was caused by hail and wind is further evidence that this case is, at heart, a bona fide coverage dispute, not one of bad faith." *Alvarez*,

6

2020 WL 1033657, at *5. The court agrees that summary judgment is appropriate on the bad faith claim.

### C. The Texas Insurance Code Claims

#### a. The Chapter 541 Claims

The elements of a claim under Chapter 541 of the Texas Insurance are that: "(1) a misrepresentation was made, issued or circulated (2) with regard to either (i) the Policy's terms, or (ii) its benefits or advantages." *See Miller v. Allstate Texas Lloyd's*, No. CV H-17-1684, 2017 U.S. Dist. LEXIS 122884, 2017 WL 3335997, at *4 (S.D. Tex. Aug. 4, 2017) (citing Tex. Ins. Code § 541.051(1)(a)-(b)). The Murrays allege that: (1) Allstate engaged in a settlement practice of misrepresenting material facts about the policy coverage, in violation of § 541.060(a)(1); (2) Allstate failed to attempt in good faith to make a prompt, fair, and equitable settlement of the Murrays' claim, in violation of §541.060(a)(2)(A); (3) Allstate failed to provide the Murrays with a prompt and reasonable explanation for partially denying their claim, in violation of §541.060(a)(3); (4) Allstate failed to affirm or deny coverage of the claim within a reasonable time, in violation of §541.060(a)(4); and (5) Allstate refused to pay the Murrays' claim without conducting a reasonable investigation, in violation of §541.060(a)(7). (Docket Entry No. 1-3 at 9).

The Murray's claims under §§541.060(a)(1), (a)(2)(A), and (a)(7) "require the same showing as [their] good-faith-and-fair dealing claim: that [Allstate] lacked a reasonable basis for its coverage decision." *Stasek v. State Farm Lloyds*, No. 4:22-CV-03833, 2025 WL 963079, at *6 (S.D. Tex. Mar. 28, 2025). The Murrays' claims under these sections fail because, as discussed above, they have presented no evidence of bad faith. This leaves the Murrays' claims under §541.060(a)(3) and (a)(4).

"Sections 541.060(a)(3) and (a)(4) of the Texas Insurance Code focus on the adequacy and timeliness of communications, not the reasonableness of coverage decisions." *Id*. "Under Section 541.060(a)(3), an insurer is liable for 'failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy ... for the insurer's denial of a claim.'" *Id*. "Section 541.060(a)(4), meanwhile, imposes liability for 'failing within a reasonable time to ... affirm or deny coverage of a claim to a policy holder.'" *Id*. The Murrays have not produced, as summary judgment evidence, the letter in which Allstate denied the claim. Nor do the Murrays point to evidence in the record showing that Allstate failed to provide a prompt explanation of its decision. And "[r]ule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted). The Murrays' response shows that Allstate determined what storm damage was covered and what was denied in August 2023, approximately a month after the Murrays reported their claim. (Docket Entry No. 13 at 9). After the Murrays submitted a request for Allstate to reevaluate the claim, Allstate did not change its determination. (*Id*.). Neither the Murrays' pleadings nor their response to Allstate's motion for summary judgment state how long Allstate took to respond to their request for reevaluation, providing no basis to find unreasonable delay.

The Murrays also assert that Allstate adjusted its damages valuation by approximately $300 after the Murrays served Allstate with a statutory demand on February 5, 2024. (*Id*. at 6-7). The Murrays' motion for summary judgment states that Allstate's agent, Crawford, conducted another inspection on February 23, 2024, and that Allstate amended its estimate for covered damages on April 3, 2024. (*Id*.). The two-month period between the service of the statutory demand and the amendment of the estimate is not an unreasonable delay. *See, e.g., Lee v. Catlin*

8

*Specialty Ins. Co.*, 766 F.Supp.2d 812, 825 (S.D. Tex. 2011) (an insurance company's six-month delay between the plaintiff's notification of the claim and the completion of the investigation was reasonable). The present record does not support finding that Allstate violated §§ 541.060(a)(3) or (a)(4) by failing to promptly provide a reasonable explanation for Allstate's denial of the claim or by failing to promptly affirm or deny coverage.

### b. The Chapter 542 Claims

The Murrays also allege violations of Chapter 542 of the Texas Insurance Code, the Texas Prompt Payment of Claims Act. The allegations are that: (1) Allstate's failure to timely notify the Murrays in writing of its acceptance or rejection of the claim violated §542.056; and (2) Allstate's delay in paying the Murrays' claim after they submitted the items, statements, and forms reasonably requested violated §542.058. (Docket Entry No. 1-3 at 10-11). These claims are made actionable under §542.060. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam).

Under the Texas Prompt Payment of Claims Act, "an insurer must pay statutory interest and attorney's fees if it delays payment of a claim for which it is liable beyond the applicable statutory period." *Stasek*, 2025 WL 963079, at *8 (citing Tex. Ins. Code § 542.058). "A wrongful rejection of a claim, if reduced to judgment, can be considered a delay in payment under the [Act]." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022). The Fifth Circuit has held that an insurer may be held liable under the Act if it is found to have breached the contract with the insured. *Tremago, L.P. v. Euler-Hermes Am. Credit Indem. Co.*, 602 Fed. App'x. 981, 983 (5th Cir. 2015). If the Murrays succeed on their breach of contract claim, they may succeed on their claim under the Texas Prompt Payment of Claims Act as well. *Stasek*, 2025 WL

9

963079, at *8. Because there is a genuine factual dispute material to determining the breach of contract claim, summary judgment is not appropriate on the Chapter 542 claims.

### D. The DTPA Claims

Allstate also seeks summary judgment on the Murrays' claims under the DTPA. The elements of a DTPA claim are that: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). The Murrays assert claims under §§ 17.46(b)(2), (b)(5), and (b)(7) of the DTPA. (Docket Entry No. 1-3 at 14-15). These sections of the DTPA prohibit false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. "[W]hen an insured joins claims under … the DTPA with a bad faith claim asserting a wrongful denial or delay in the payment of policy benefits, if there is no merit to the bad faith claim, there can be no liability on the statutory claims." *Duke v. State Farm Lloyds*, 2025 WL 777078, at *3 (S.D. Tex. March 11, 2025) (quoting *Kondos v. Allstate Tex. Lloyds*, No. CIV.A. 1:03-cv-1440, 2005 WL 1004720, at *13 (E.D. Tex. Apr. 25, 2005)); *see also Erazo v. State Farm Lloyds*, No. 4:23-CV-1965, 2024 WL 2805328, at *5 (S.D. Tex. May 3, 2024), *report and recommendation adopted*, No. CV H-23-1965, 2024 WL 2806177 (S.D. Tex. May 31, 2024). The Murrays' DTPA claim fails because they have failed to point to or submit evidence of bad faith. Summary judgment is granted dismissing the DTPA claim.

### III. Conclusion

The court grants Allstate's motion for summary judgment as to the claim of breach of the duty of good faith and fair dealing and the claims under Texas Insurance Code Chapter 541. (Docket Entry No. 12). Those claims are dismissed with prejudice. The court denies the motion

10

for summary judgment on the breach of contract claim and the claims under Texas Insurance Code Chapter 542. (*Id*.). Those claims remain.

SIGNED on April 11, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge